Appeal from Seventh District.

EPHRAIM MILLING & ELEVATOR CO. v. CITY OF
EPHRAIM.

No. 2882.   Decided December 7, 1916 (161 Pac. 1124).

1. WATERS AND WATER COURSES—OBSTRUCTION AND DIVERSION—
   PLEADING—SUFFICIENCY. Complaint, alleging that defendant city
   had exclusive control of creek waters, that during periods of
   each year snow and storms caused unusually large quantities of
   water in the creek and caused overflow, carrying down large
   quantities of timber, mud, rock, and debris, and that the city
   wilfully, carelessly, and negligently built, in the natural chan-
   nel, strong abutments of timbers and stone, so as to obstruct the
   natural flow of the waters, and prevent water, timber, and
   earth from being carried down the creek, thus causing an over-
   flow about plaintiff's mill which was thereby damaged, is suffi-
   ciently particular as to facts to support a judgment for plain-
   tiff.   (Page 74.)

2. TRIAL—QUESTIONS FOR JURY—CREDIBILITY OF WITNESSES. Wheth-
   er testimony of certain witnesses is more creditable or reliable
   than that of other witnesses is solely for the jury.   (Page 74.)

Appeal from District Court, Seventh District; Hon. *A. H.*
*Christenson,* Judge.

Action by Ephraim Milling & Elevator Company against
the City of Ephraim.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Geo. Christenson* and *J. W. Cherry* for appellant.

*Lewis Larson* for respondent.

APPELLANT'S POINTS.

To sustain the allegations of the complaint and authorize
the court to submit the case to the jury, it was incumbent
upon the plaintiff to show liability of the defendant for the
overflow of the stream and the damage to the plaintiff.   (*An-
derson* v. *Neilsen,* 43 Utah 564.)   The opinion evidence offered

by the plaintiff is insufficient to support the verdict and judgment, because it is inconsistent with undisputed facts and with reason and natural law.

"Opinion evidence is insufficient to support a verdict, when inconsistent with undisputed facts or reason and common sense applied to other credible evidence." (*Baxter* v. *Chicago & N. W. Ry. Co.*, 104 Wis. 307, 80 N. W. 644.)

"Though a conclusion stated by a witness may sometimes support a finding and judgment, it cannot do so where it is contrary to the facts established." (*Foulger* v. *McGrath*, 34 Utah 86, 96 P. 1004. See also, *Reynolds, Admr.*, v. *C. N. O. & T. P. R. Co.*, 148 Ky. 252, 149 S. W. 416; *Hicks* v. *Burgess* (Ala.), 64 So. 290.)

Even if consequential damages did result to the plaintiff (which we contended did not and could not), the defendant is not liable. The defendant is not an insurer. Negligence must affirmatively be shown, or there is no liability.

"The doctrine, however, is well established in this state that public officers lawfully employed in making public improvements, and corporations engaged in the performance of work of a public nature authorized by law, are not liable for consequential damages occasioned by it to others, unless caused by misconduct, negligence or unskillfulness." (*Atwater* v. *Trustees, etc.*, 124 N. Y. 608, 27 N. E. 387; *Wilkinson* v. *State*, 42 Utah 483.)

### RESPONDENT'S POINTS.

The city clearly had no right to place obstructions in the natural channel of said creek and interfere with the flow of the waters thereof to the detriment and injury of respondent. (*Jordan* v. *City of Mt. Pleasant*, 15 Utah 449, 49 Pac. 746; *Orday* v. *Canisteo*, 66 Hun 569, 21 N. Y. Sup. 835; *Spelman* v. *Portage*, 41 Wis. 144.) Flood waters of a stream in times of ordinary flood will not be treated as surface water but will be governed by the rule applicable to the ordinary waters of the stream. (*Chicago B. & Q. R. Co.* v. *Emmeret*, 53 Neb. 237, 68 Am. St. Rep. 602; *Byrne* v. *Minneapolis & St. L. R. Co.*, 38 Minn. 212, 8 Am. St. Rep. 668; *New York C. & St. L. R. Co.* v. *Hamlet Hay Co.*, 149 Ind. 344, 47 N. E. 1060; *Sparks*

*Mfg. Co.* v. *Newton,* 57 N. J. Eq. 367, 41 Atl. 385.)   A city
which establishes a grade in such manner that a natural
water course is dammed up, without adequate provision being
made to carry off the water, is liable if thereby the natural
drainage is destroyed.   (*Ellis* v. *Iowa City,* 21 Iowa 229;
*Ross* v. *Clinton,* 46 Iowa 606; 26 Am. Rep. 169; *Morris* v.
*Council Bluffs,* 67 Iowa 343; 56 Am. Rep. 343; 25 N. W. 274;
*Wilber* v. *Ft. Dodge,* 120 Iowa 155.)

## STRAUP, C. J.

This action was brought to recover damages to plaintiff's
premises and flour mill alleged to have been caused by the de-
fendant.   In the complaint it is alleged that the defendant
"took and had" the exclusive control, management, and dis-
tribution of the waters of Cottonwood creek, a natural stream
of water having its source in the mountains and coursing by
plaintiff's premises and through the town of Ephraim; that
during portions of each year melting snows and storms caused
"unusual quantities of water" to course in the stream, and
sometimes to overflow its banks, and to carry down large
quantities of timber, mud, rock, and debris; that the defend-
ant "wilfully, carelessly, and negligently built and con-
structed, and caused to be built and constructed in the said
natural channel of the said creek, strong abutments of tim-
bers and stone, so built and constructed in the natural chan-
nel of the said creek as to obstruct the natural flow of the
waters through the said natural channel," and thereby pre-
vented rock, timber, and earth from being carried down the
stream, but to lodge and to obstruct the natural flow of the
waters and to cause them to overflow the banks of the stream
and upon the plaintiff's premises, into its mill and upon and
over its grain and flour and machinery therein, to plaintiff's
damage, etc.   To the complaint a general demurrer for want
of facts, and a special demurrer for uncertainly, were inter-
posed and overruled.   The defendant answered denying the
charged obstruction and negligence, and averred that, to pre-
vent rock and debris at high water from being carried into
and through the town of Ephraim, the defendant constructed
"a divider in the channel of said Cottonwood creek, and that

in constructing the said divider the channel itself was not obstructed in any manner, but was left as wide and deep, free and clear, as it had always been;'' and that ''the object of constructing said divider in the channel of said creek was to divert and carry away from the natural channel of the said creek a portion of the waters whenever, by reason of unusual floods and cloudbursts, there should be more water than the said channel could carry;'' and that the waters so diverted by it were carried upon lands owned by it, and the divider was so constructed as not to carry any waters, rock, gravel, sand, or debris, or other material, over the banks of the stream or upon plaintiff's property.

The case was tried to a jury, which resulted in a verdict for the plaintiff in the sum of $500. The defendant appeals. The matters presented for review, putting them in the defendant's language, are: ''The overruling of the demurrer, the court's refusal to grant a nonsuit and a new trial,'' and ''present the same general propositions of law,'' want of facts to support plaintiff's cause. Other than that, nothing is urged in support of the demurrer. No attempt is made to point out wherein the complaint is wanting in facts, and no reason occurs to us why it is so far wanting in such particular as not to support a judgment. That is all that need be said on that point.

The defendant's argument chiefly goes to the point that the evidence is insufficient to support the allegations of the complaint. In such respect it is contended that it is not sufficiently made to appear that the defendant, by placing the abutments, or divider, in the channel of the creek, interfered with the natural flow of the stream, or caused its waters to overflow the banks of the stream and to run on plaintiff's premises. Witnesses for the plaintiff testified that the defendant, in putting in the abutments, or divider, at that point, widened the channel and diverted a portion of the waters therefrom, which so reduced the force and rapidity of the flow of the waters that they would not carry gravel, rock, and debris farther down the stream, which, together with the abutments, timber, and stone put in, caused gravel, sand, rock, and other material to lodge, the bed of the

channel to be raised or filled, the waters dammed, the banks of the stream to overflow, and the waters to run upon plaintiff's property, injuring its mill, flour, grain, and machinery therein. Several witnesses for the plaintiff testified to that. It was disputed by testimony of the defendant's witnesses. Whether the testimony of the one or the other was the more creditable or reliable was solely for the jury.

The judgment, therefore, is affirmed, with costs.

FRICK and McCARTY, JJ., concur.