STAINS v. PETERSON (C. I. T. CORPORATION, Intervener).

No. 4755. Decided June 11, 1929. (279 P. 53.)

*C. D. McNeely* and *A. L. Larsen,* both of Delta, for appellant.

*Tangren & Crafts,* of Delta, for respondent.

MOFFAT, District Judge.

This is an action brought by the plaintiff and appellant, J. E. Stains, to recover the possession of an Essex automobile. The action is one at law. A jury was demanded in the trial court by the plaintiff. The case was tried to a jury until the close of the evidence presented by the intervener. The defendant, Peterson, was the agent of the intervener, the C. I. T. Corporation, by admission of all parties.

The undisputed facts, as shown by the evidence, arranged approximately according to chronological order of occurrences, are: On the 16th day of September, 1925, at Lynndyl, Millard county, Utah, one Loren Wiley bought a new Essex coach from C. Lawrence Hinckley, doing business as West Millard Sales Company, who will be hereinafter referred to as Hinckley. The sale was evidenced by a conditional sales contract on form provided by the C. I. T. Corporation, a financing corporation, and intervener herein. The sale contract provided that all installments were payable at the office of the C. I. T. Corporation, 155 Montgomery street, San Francisco, Cal. Among other things, the conditional sale contract provides:

"That the title to ownership in and right, of possession of said chattel are vested in you (Hinckley) and your assigns, until said indebtedness and all other sums of money payable to you (Hinckley),

whether evidenced by note, book account or otherwise, also all judgments which you (Hinckley), your successors or assigns may obtain therefor, shall have been fully paid in money, at which time the ownership shall pass to me (Loren Wiley)."

This contract of sale was on the 17th day of September, the day following its execution, assigned to the C. I. T. Corporation.

The assignment provided, among other things, that the assignor (Hinckley) "hereby sells, assigns, transfers and sets over to the C. I. T. Corporation" all the right, title, and interest in and to the property, "and guarantees the payment at its due date of each monthly sum provided to be paid under said contract. * * * without assignee being required to first proceed against said customer (Wiley)." Payments on the contract in the sum of $46.33 monthly were provided for, and the first one became due on the 16th day of October, 1925. Wiley defaulted in his payments. Hinckley repossessed the automobile some time after the first payment became due, and notified the C. I. T. Corporation he had done so. Hinckley then placed the automobile on sale again with other cars on the floor of his salesroom, and on the 17th day of December, in the regular way, sold the said automobile again, this time to J. E. Stains, the plaintiff and appellant herein. This second sale was made to Stains under the terms of a conditional sales contract, the provisions of which were similar to the contract of sale to Wiley, and, in the regular course of business on the 14th day of December, 1925, Hinckley gave to Stains a bill of sale on form provided by the secretary of state. This bill of sale shows that the vehicle described was transferred to Stains by Hinckley subject to a prior equity held by the West Millard Sales Company. This was sworn to, as required by law, and the vehicle was, on the 23d day of February, 1926, registered by the motor vehicle department of the state of Utah, by Dr. J. E. Stains; the West Millard Sales Company (Hinckley) appearing as the legal owner.

Shortly after the sale had been made to Stains by Hinckley, or the West Millard Sales Company, Hinckley notified the C. I. T. Corporation that the automobile had been sold to Stains, and the substance of the testimony of Hinckley is that he was doing business in 1925 and 1926 as the West Millard Sales Company, selling automobiles; that he sold to Dr. J. E. Stains an Essex car in December, 1925, and gave him a bill of sale; that Stains traded in a car and then paid the balance of the contract; that the car was sold in the regular course of business; that he (Hinckley) was not indebted to the C. I. T. Corporation at the time of the sale to Stains; that he (Hinckley) repossessed the car from Wiley, the original purchaser, and offered it for sale again in the regular way, with other cars. Hinckley further testified that he paid the C. I. T. Corporation by giving a mortgage and turning over used cars; that, after the car was sold to Dr. Stains, in December, 1925, the C. I. T. Corporation knew that the car had been sold to Dr. Stains, either at that time or shortly after, because the C. I. T. Corporation was notified and made no protest about it, and billed Hinckley for the car and requested him to pay for it; that the C. I. T. Corporation representative was at Delta, Utah, very often, about once a month, and talked about this particular car; that he knew it was sold; that the C. I. T. Corporation was paid for the car by turning in certain accounts and money to pay for it. Further, Hinckley testified that, when he repossessed the car from Wiley, it was on the basis of his own judgment. Then Mr. Boyack, for the C. I. T. Corporation, stated that he did not know definitely whether the account of Mr. Hinckley had been paid, because it was out of his jurisdiction.

Upon the evidence, the court, of its own motion, dismissed the jury from further consideration of the case and found the issues in favor of the complainant in intervention, the C. I. T. Corporation.

The case comes to this court upon ten assignments of error, only one of which, however, is argued, and within

one assignment of error the only question before the court is found. The other assignments of error are largely deductions from assignment No. 1. Assignment of error No. 1 reads as follows:

"The court erred in not submitting the case to the jury, then and there regularly impaneled, for the reason that the question of whether or not the said contract held by the C. I. T. Corporation had been fully paid and discharged, was a proper question for the jury."

The balance of the assignments of error proceed to point out matters in the record.

Comp. Laws Utah 1917, § 6779, provides how an issue of fact arises:

"An issue of fact arises: (1.) Upon a material allegation in the complaint controverted by the answer; or, (2.) upon a material allegation of any counterclaim in the answer controverted by the reply; or, (3.) upon a material allegation of new matter in the answer, not requiring a reply, unless an issue of law is joined thereon; or, (4.) upon a material allegation of new matter in the reply, unless an issue of law is joined thereon."

Comp. Laws Utah 1917, § 7208, provides:

"All questions of fact, where the trial is by jury, other than those mentioned in the next section, are to be decided by the jury, and all evidence thereon is to be addressed to them except when otherwise provided by this code."

In the case of *Ephraim Milling & Elevator Company* v. *City of Ephraim,* 49 Utah 71, 161 P. 1124, is found the following statement:

"Witnesses for the plaintiff testified that the defendant in putting in the abutments or divider at that point widened the channel and diverted a portion of the waters therefrom." etc. "It was disputed by the testimony of the defendant's witnesses. Whether the testimony of the one or the other was the more creditable or reliable, was solely for the jury."

In the instant case, the ultimate question for decision is, who is the owner of the automobile? It is true that there

is nothing said in the pleadings about the West Millard Sales Company or Mr. Hinckley being the agent of the C. I. T. Corporation. It is, however, equally true that, in arriving at the question of ownership or right of possession of the automobile, a great deal of evidence was introduced, and that without objection, showing the relationship of the respective parties. This was unavoidable. Not only unavoidable, but strictly necessary, and, while the objection was sustained to the question calling for the final conclusion as to whether the West Millard Sales Company was the agent of the C. I. T. Corporation, still there was probably sufficient evidence before the court, as revealed by the record, that, in the matter of the sale of the automobile in question, the West Millard Sales Company was clearly the agent of the C. I. T. Corporation. No doubt the C. I. T. Corporation became the owner of the car by virtue of the assignment of the title-retaining contract in the first place. But it permitted Hinckley to proceed to repossess and resell the car with knowledge of the whole course of dealing, as revealed by the evidence. The West Millard Sales Company was at least very clearly and impliedly the agent of the C. I. T. Corporation, and it would seem there is clearly sufficient evidence to go to the jury on the question of whether or not they ratified the second sale to the plaintiff, Dr. J. E. Stains, in the instant case.

This case is in many of its features strikingly like the case of *Harrison* v. *Auto Securities Co.*, 70 Utah 11, 257 P. 677, 57 A. L. R. 388, and the principles of law underlying the transaction similar to the instant case are fully and elaborately discussed in the case of *Jones* v. *Commercial Investment Trust*, 64 Utah 151, 228 P. 896.

We are also of the opinion that there was sufficient evidence as to whether or not the C. I. T. Corporation had been fully paid for the car in question to be submitted to the jury, and, if the jury should find from the evidence that the C. I. T. Corporation had been fully paid, then of necessity the plaintiff would become

the owner of the automobile by virtue of the second sale made by the West Millard Sales Company to the plaintiff.

The judgment should be, and accordingly is, reversed, and the cause remanded to the district court for a new trial; appellant to recover costs.

CHERRY, C. J., and ELIAS HANSEN and FOLLAND, JJ., concur.

STRAUP, J. I concur. The plaintiff brought this action against the defendant, Peterson, to recover possession of an automobile alleged to be of the value of $400 and to be wrongfully in the possession of the defendant. The defendant denied the material allegations of the complaint. The C. I. T. Corporation intervened, denying plaintiff's ownership and right of possession of the car, and alleged that it was the owner and entitled to the possession of it, that the value of the car was $600, and that the plaintiff wrongfully had possession of it. The plaintiff filed a reply putting in issue all of the affirmative allegations of the complaint in intervention.

Upon plaintiff's demand, a jury was impaneled to try the issues. The case was tried before a jury until at the close of the evidence, when the court, over the objection of the plaintiff, dismissed the jury and himself made findings and conclusions upon which judgment was entered adjudging that the intervener was the owner and entitled to the possession of the car and that its value was $400. The plaintiff appeals.

Among other assignments is the one relating to the ruling dismissing the jury and the court itself on the evidence determining the issues and making findings. If this ruling was wrong, as I think it is, the error compels a reversal regardless of all other questions. The case clearly was one at law and triable by jury. If on the evidence the plaintiff did not sustain his case, the court, on a proper motion, could have directed a verdict against him. If on the undisputed

evidence the intervener was the owner and entitled to the possession of the car, the court, on a proper motion, could have directed a verdict accordingly. But that the court did not do. It dismissed the jury, and then on the evidence made findings as though there had been no jury and as though the case in the first instance had been tried to the court without a jury. In a law case triable before a jury, if at the conclusion of the evidence the court is of the opinion that upon the evidence adduced but one result or finding is permissible the proper function of the court is to direct the jury and not to dismiss it. A ruling granting a nonsuit or directing a verdict does not require findings. Findings are pertinent only when the issue is tried to the court and not to a jury. The court thus had no authority to try the issue or to make findings. When the court dismissed the jury and itself determined the issues by making findings, it without right interrupted the completion of the trial, prevented the plaintiff from having a trial as by statute and the Constitution provided, and caused a mistrial resulting in a judgment wholly for naught. In such case it is no answer to say the court on the evidence may have reached the right result, for the court had no authority to try the issue or to make findings or to render a judgment on them.

EPHRAIM HANSON, J., being absent at time of argument and submission, did not participate herein.